## TRUST a. PERSON.

*New York Common Pleas ; Special Term, July,* 1856.

LIEN.—ACTION FOR RECOVERY OF MONEY.—COSTS.

An action brought to enforce a lien, in which the plaintiff claims, not possession of the property subject to the lien, but judgment for the amount of the debt, is an action for the recovery of money, within section 304.

The court cannot exercise discretion over the costs of such action, under section 306.

Where plaintiff proved a claim of $40, and defendant a counter-claim of $39—*Held*, that defendant was entitled to costs.*

Application for Costs.

BRADY, J.—This action was brought to enforce a lien for the storage of pianos that had been wrongfully taken from the plaintiff after his lien had attached, and the complaint prays for judgment against the defendants—that the pianofortes be sold, and that fifty-two dollars (the amount of the lien) be paid to the plaintiff from the proceeds, together with interest from the 19th March, 1855, and the costs of the action, and that he have such other and further relief as may be just. The verdict rendered by the jury empaneled to try the issues presented on the pleadings found the counter-claim set up to be $39, and the claim of the plaintiff to be $40, thus giving the plaintiff judgment for $1. On this state of facts, and on the pleadings, the defendants ask for costs, and the plaintiff insists that the action being equitable in its nature, the costs are, under section 306, in the discretion of the court.

---

* Compare Kalt a. Lignot, *Ante*, 33.

Trust *a.* Person.

It is said in Fox *a.* McGregor, (5 *Barb.* 43,) that an inn-keeper's remedy to enforce a lien for keeping the horse of his guest is by action in the nature of a bill in chancery, (the court citing 1 *Cow. Tr.*, 2 *ed.*, 299.) On examination of the book referred to, it is said to be " supposed that the only way in which satisfaction from a lien can be enforced is by a bill in chancery" —(referring to 1 *Strange*, 556 ; 1 *Holt N. P. R.*, 583 ; 2 *Kent Com.*, 3 *ed.*, 642, and other cases). And we find on examination of Edwards on Bailments, the statement of the same principle in reference to inn-keepers' liens, with a reference to the cases just stated ; (also Fox *a.* McGregor, *supra*, and 8 *Mod. R.*, 172.) Upon examination of 2 *Kent*, 642, we find the context to be : " I presume that satisfaction of a lien may be enforced by bill in chancery," without referring to any authority, and leaving the subject upon the opinion of the author only.

With due deference to the author of Cowen's Treatise, I assert that the authorities referred to on this point have no bearing upon the principle stated by him in the context, and that they relate to actions of trover, in which the doctrine of equity power or jurisdiction is not suggested. Where the lien existed and the remedy at law was inadequate, I have no doubt the Court of Chancery had the power to enforce any right, but I deny that on the authorities referred to such a proceeding as suggested could be sustained, and certainly not in any case, unless the matter in dispute exclusive of costs exceeded the value of $100. (1 *Barb. Ch. Pr.* 39 ; 2 *R. S.*, 173, § 40, *orig.* § 37).

In this case the value of the property was not proved on the trial, and was not passed upon by the jury ; if it had been, then we should be met by the difficulty that the equitable remedy to enforce the lien is predicated upon the possession of the property by the lienor, and not where he has parted with it, or it has been violently taken from his custody. Voluntarily yielding possession is a waiver of the lien. (1 *East.*, 4 ; 26 *Wend.*, 467 ; 2 *Kent*, 7 *ed.*, 819 ; 3 *Hill*, 435. But where the chattel or thing to which the lien has attached is tortiously taken from the lienor, he may maintain replevin to recover it and enforce his lien. (Bigelow *a.* Haton, 6 *Hill*, 43.)

The complaint here does not ask the *possession of the property* affected by the lien, but for a judgment for $52 against the defendant, and a sale of that property, to satisfy that judgment. There is no proof in the case from which the particular property designated could be described if such a judgment could be rendered, and the property itself is neither in the possession of the court, an officer appointed by it, nor of the plaintiff. Although the nature of the claim may be equitable, the action is one to recover a sum of money, and on the proof and the finding of the jury no judgment other than a judgment for the recovery of money can be entered. In these views of this application, it seems to me conclusive that the defendants are entitled to their costs. I admit that the questions presented are new and embarrassing, but I think, aside from the exact character of this action, there was no necessity for an " equity" action contemplated by section 306. But if there was, and this action was so designed, the facts proved do not place it within that jurisdiction.

The defendant's costs ordered, and judgment for plaintiff for $1.